UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Suliman Suliman, | Case Type: Employment |
| Plaintiff, | |
| v. | **COMPLAINT** |
| | **JURY TRIAL DEMANDED** |
| FilmTec Corporation, and Kelly Services, Inc., both foreign corporations, | |
| Defendants. | Court File No. |

---

Plaintiff, by his attorneys Fabian May & Anderson, PLLP, brings this action for damages and other legal and equitable relief from Defendants' violations of law. Plaintiff states the following as his claims against Defendants:

### JURISDICTION AND VENUE

1. This action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., as amended by the Civil Rights Act of 1991. Jurisdiction is conferred upon this Court by 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1331.

2. Plaintiff further invokes the supplemental jurisdiction of this Court to consider claims under state law. This Court has supplemental jurisdiction under Title 28 U.S.C. § 1367(a) to adjudicate Plaintiff's state law claims.

3. The unlawful practices described hereinafter have been committed in the District of Minnesota. Defendants FilmTec Corporation and Kelly Services, Inc. do

1

substantial business within Minnesota. The District of Minnesota is therefore the appropriate venue for this matter pursuant to 28 U.S.C. § 1391.

## PARTIES

4. Plaintiff Suliman Suliman (hereinafter "Plaintiff" or "Suliman") is a Minnesota resident.

5. Defendant FilmTec Corporation (hereinafter "FilmTec") is a Delaware corporation with a registered office address of 100 S. 5th Street, #1075, Minneapolis, Minnesota 55402.

6. Defendant Kelly Services, Inc. (hereinafter "Kelly") is a Delaware corporation with a registered office address of 100 S. 5th Street, #1075, Minneapolis, Minnesota 55402.

## FACTS COMMON TO ALL COUNTS

7. Plaintiff is from the Sudan and is a practicing Muslim. He immigrated to the United States from Saudi Arabia with his family in or around 2000.

8. FilmTec is a wire manufacturing company. Kelly is a temporary staffing agency who provides staffing to FilmTec. Plaintiff began working for Kelly in 2003 and was placed at FilmTec's Edina, Minnesota facility in or around 2003 through Kelly. At all times relevant herein, FilmTec directed the manner and means of Plaintiff's work and exercised control over Plaintiff's work, including when he could take breaks.

9. Plaintiff was a Machine Operator and Lead Worker at FilmTec. Throughout his nine years of employment with Kelly and FilmTec, Plaintiff received exemplary performance reviews and had an outstanding work record.

10. As part of Plaintiff's religion, he is required to observe Ramadan, which occurs for a month-long period every year during the ninth month of the lunar calendar. In order for Plaintiff to fulfill the requirements of his religion, during Ramadan he is required to completely abstain from food, starting at dawn and ending at sunset. Immediately upon sunset during Ramadan, he must break his fast and then observe the third prayer of the day immediately after sunset.

11. From 2003 through 2011, FilmTec allowed Plaintiff and his fellow Muslim employees a break from work immediately upon sunset every year during Ramadan to observe these requirements of their religion.

13. In or around 2012, the FilmTec and Kelly supervisors who Plaintiff had previously reported to were replaced. Thereafter, Plaintiff reported to Donna Banks ("Banks") as his supervisor at FilmTec and Amanda Adrian ("Adrian") as his supervisor at Kelly.

14. In 2012, Ramadan fell on the dates of July 19 through August 18. Sometime between July 19 and August 1, 2012, Banks told Suliman that he and the other Muslim employees could not take a break immediately upon sunset during Ramadan, as they had previously done. Banks told Suliman that the Muslim employees would now be required to "stagger" their breaks instead of taking them immediately upon sunset as they had done previously. This staggered break requirement directly conflicted with the requirement of Suliman's religion that he break his fast and pray immediately upon sunset during Ramadan. Suliman told Banks that because of their religion, he and the Muslim employees were required to take their break immediately at sunset during

3

Ramadan. Banks told Suliman that he must instruct the other Muslim workers to now only take staggered breaks during Ramadan, which would mean that the Muslim workers could not take their break immediately upon sunset. Suliman complied with this directive and informed the other Muslim employees that they were required to take staggered breaks during Ramadan and therefore could not break their fast and pray immediately upon sunset. The Muslim employees disregarded Suliman's instruction to take staggered breaks and continued breaking during Ramadan as they had done before, with all Muslim workers going on break at sunset.

15. Banks met with the Muslim employees shortly before August 1, 2012 and informed them that they could not continue to take their break at sunset and must begin staggering their breaks. At this meeting, the Muslim employees, including Plaintiff, voiced their opposition to staggering their breaks during Ramadan based upon the requirements of their religion.

16. On August 1, 2012 Suliman met with Adrian and told her that FilmTec was requiring the Muslim employees to take staggered breaks, and that this directive now conflicted with the requirement of his religion that he must break his fast and pray immediately upon sunset during Ramadan. Adrian told Suliman that he must begin taking staggered breaks.

17. On August 13, 2012, Adrian emailed Banks and stated: "After what I have heard and see [sic], I have concerns with [Suliman's] commitment" and stated that a FilmTec supervisor felt that Suliman "should not be in the lead position nor would she want him as a FilmTec employee."

4

18. Adrian terminated Plaintiff's employment on August 16, 2012. Plaintiff asked Adrian if Kelly had any work available for him at work sites other than FilmTec and Adrian stated that Kelly did not.

## CAUSES OF ACTION

### COUNT I

**Religious Discrimination in Violation of 42 U.S.C. § 2000e, et seq.**

19. By reference hereto, Plaintiff incorporates paragraphs 1-18 of his Complaint.

20. Title VII provides that it is unlawful for an employer "to discriminate against any individual with respect to . . . compensation, terms, conditions or privileges of employment because of such individual's . . . religion," which is defined as "all aspects of religious observance and practice as well as belief." 42 U.S.C. §§ 2000e-2(a)(1), 2000e-(j).

21. During all relevant times herein, Plaintiff and Defendants Kelly and FilmTec were "employee" and "employer" respectively, for the purpose of the definitions set forth in 42 U.S.C. § 2000e. At all times relevant herein, Kelly and FilmTec were joint employers of Plaintiff.

22. By their conduct, Defendants Kelly and FilmTec discriminated against Plaintiff on the basis of his religion and failed to accommodate the requirements of his religion in violation of 42 U.S.C. § 2000e, *et seq.*

23. As a direct result of Defendants' conduct, Plaintiff has suffered the loss of past and future income, mental anguish, emotional distress, loss of benefits, and other damages in an amount in excess of $75,000.

## COUNT II

### Religious Discrimination in Violation of the Minnesota Human Rights Act, Minn. Stat. § 363A.01, et seq.

24. By reference hereto, Plaintiff incorporates paragraphs 1-23 of his Complaint.

25. During all relevant times herein, Plaintiff and Defendants Kelly and FilmTec were "employee" and "employer" respectively, for the purpose of the definitions set forth in Minn. Stat. § 363A.03, subds. 15 and 16. At all times relevant herein, Kelly and FilmTec were joint employers of Plaintiff.

26. Minnesota Statute § 363A.08, subd. 2 provides in part that it is unlawful for an employer "because of . . . religion . . . to discriminate against a person with respect to hiring, tenure, compensation, terms, upgrading, conditions, facilities or privileges of employment."

27. FilmTec and Kelly, by their conduct, discriminated against Plaintiff on the basis of his religion and failed to accommodate the requirements of his religion in violation of Minn. Stat. § 363A.01, *et seq.*

28. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer economic loss, emotional distress and other damages in an amount in excess of $75,000.00.

## COUNT III

**Retaliation in Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, <u>et seq.</u>**

29. By reference hereto, Plaintiff incorporates paragraphs 1-28 of his Complaint.

30. During all relevant times herein, Plaintiff and Defendants Kelly and FilmTec were "employee" and "employer" respectively, for the purpose of the definitions set forth in 42 U.S.C. § 2000e. At all times relevant herein, Kelly and FilmTec were joint employers of Plaintiff.

31. Title 42 U.S.C. § 2000e-3(a) provides that it is an unlawful employment practice for an employer "to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

32. By their conduct, Kelly and FilmTec retaliated against Plaintiff because he opposed a practice forbidden under Title VII, in violation of 42 U.S.C. § 2000e, *et seq.*

33. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered a loss of income, emotional distress, and other damages in an amount in excess of $75,000.

## COUNT IV

**Reprisal in Violation of Minn. Stat. § 363A.15, <u>et seq.</u>**

34. By reference hereto, Plaintiff incorporates paragraphs 1-33 of his Complaint.

35. During all relevant times herein, Plaintiff and Defendant were "employee" and "employer" respectively, for the purpose of the definitions set forth in Minn. Stat. § 363A.03, subds. 15 and 16. At all times relevant herein, Kelly and FilmTec were joint employers of Plaintiff.

36. Minnesota Statute § 363A.15 provides that "[i]t is an unfair discriminatory practice for any . . . individual . . . employer . . .employment agency . . . to intentionally engage in any reprisal against any person because that person: (1) opposed a practice forbidden under this chapter or has filed a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter . . ." Minn. Stat. § 363A.15.

37. By their conduct, Kelly and FilmTec violated Minn. Stat. § 363A.15.

38. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered a loss of income, emotional distress, and other damages in an amount in excess of $75,000.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Suliman Suliman prays for judgment against Defendants FilmTec Corporation and Kelly Services, Inc. and for the following relief:

A. For compensatory damages including loss of past and future income, mental anguish, emotional distress and other related damages;

B. For all damages permitted for violations of 42 U.S.C. § 2000e, *et seq.*;

C. For all damages permitted for violations of Minn. Stat. § 363A.01, *et seq.*;

D. For costs, disbursements, and attorney's fees; and

E. For such other and further relief as the court deems just and equitable.

Dated: 02/19/2015

 s/ John A. Fabian
John A. Fabian, #13482X
Emma R. Denny, #0395334
**ATTORNEYS FOR PLAINTIFF**
Fabian May & Anderson, PLLP
1625 Medical Arts Building
825 Nicollet Mall
Minneapolis, MN 55402
Telephone: (612) 353-3340
Fax: (612) 455-2217
jfabian@fmalawyers.com
edenny@fmalawyers.com